REQUESTED BY: Senator Don Wesely
You have asked whether good time applies to mandatory minimum sentences. We conclude that good time does not apply to mandatory minimum sentences, and that an inmate may not be paroled or discharged before the completion of the mandatory minimum term.
In 1989, the Nebraska Legislature enacted LB592, which provided mandatory minimum terms for certain drug offenses. The bill specified that any person convicted of an offense carrying such a mandatory minimum term "shall not be eligible for parole prior to serving the mandatory minimum sentence." Neb. Rev.Stat. § 28-416(10) (1989).
On January 25, 1994, this office advised the Director of the Nebraska Department of Correctional Services and the Chairperson of the Nebraska Board of Parole that, whether or not the Department applied good time to mandatory minimum terms, inmates could not be paroled prior to serving their mandatory minimum sentences. Attached for your reference is a copy of my letter to Harold Clarke and Ethel Landrum.
In 1995, LB371 re-classified several criminal offenses, causing them to carry mandatory minimum terms. The bill noted that a "person convicted of a felony for which a mandatory minimum sentence is prescribed shall not be eligible for probation", and the bill re-wrote Nebraska's good time laws, effective July 1, 1996, so that good time is no longer applicable to minimum terms:
 [E]very committed offender shall be eligible for parole when the offender has served one-half the minimum term of his or her sentence. No such reduction of sentence shall be applied to any sentence imposing a mandatory minimum term.
Neb. Rev. Stat. § 83-1,110 (Supp. 1995).
The legislative history of LB592 (1989) and LB371 (1995) makes clear the fact that the Nebraska Legislature expected inmates who were sentenced for offenses carrying mandatory minimum terms to serve the full mandatory minimum term before being paroled or discharged. The introducers' statements of intent, their introductions of the bills before the Judiciary Committee, and the discussion of the bills both before the Committee and during floor debate, support this conclusion. For example, when introducing LB595 in 1989, Senator Chris Abboud said that "the bill requires a mandatory prison sentence upon conviction. . .". In his Statement of Intent for LB371 in 1995, Senator John Lindsay described the mandatory minimum terms as "the minimum penalty" of "years imprisonment". He represented that: "No person sentenced to a mandatory term under these statutes would be eligible for probation or reductions for good time." During floor debate, there was discussion of (unsuccessful) amendments which would have allowed inmates to serve less than the mandatory minimums prescribed under LB371. Senator Kristensen said: "[Those amendments] will give them the opportunity for good time, so instead of 25 years in prison, they could be out in 12, and that is something we cannot let happen in Nebraska."
Although it is apparent from the Legislative History of LB592 and LB371 that the Nebraska Legislature expected inmates sentenced to mandatory minimum terms to be incarcerated
for the full mandatory minimum term, inmates could be discharged before the expiration of a mandatory minimum term if the Department of Correctional Services were to apply good time to the inmates' maximum terms and were to use the maximum terms to determine the date of discharge, without consideration of whether or not the inmate had been sentenced to a mandatory minimum term.
Based on the Legislative History of LB592 (1989) and LB371 (1995), we conclude that an inmate who has been sentenced to a mandatory minimum term can neither be paroled nor discharged from custody of the Nebraska Department of Correctional Services prior to serving the full mandatory minimum term.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General